FILED'10 MAY 11 13:06USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| BENNETT BATSON, | Civ. No. 08-6204-AA |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| T-MOBILE USA, INC., | |
| Defendant. | |

William D. Stark
1960 East Nob Hill SE
Salem, Oregon 97302
    Attorney for plaintiff

Calvin L. Keith
Renee E. Starr
Perkins Coie LLP
1120 NW Couch St., Tenth Floor
Portland, Oregon 97209
    Attorneys for defendant

AIKEN, Chief Judge:

    Plaintiff filed suit alleging violations of the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601, *et seq.*, the Oregon Family Leave Act (OFLA), Or. Rev. Stat. § 659A.150, *et seq.*, and

1 - OPINION AND ORDER

disability discrimination and retaliation under Or. Rev. Stat. § 659A.112. Defendant moves for summary judgment on all claims. The motion is granted.

## I. BACKGROUND

Plaintiff worked for defendant as a Customer Care Representative from May 2000 until his termination in May 2006. At the time of his termination, plaintiff's typical work week was Wednesday to Sunday, 2:00 p.m. to 10:00 p.m.

Defendant's employees accrue "paid time off" (PTO) on a bi-weekly basis and may use PTO to cover absences such as illness or vacation. Defendant maintains that employees are responsible for ensuring that they have enough accrued PTO to cover their absences, and that they can verify their PTO balances through the time clock system. Generally, employees may not use more PTO than they have accrued, although defendant may approve of unpaid leave in certain circumstances.

In October 2005, plaintiff requested FMLA leave to care for his wife who was ill. Plaintiff was required to resubmit his FMLA certification documents to defendant before his leave was approved.

On February 10, 2006, plaintiff requested three days PTO for a vacation in late April 2006, and his request was approved.

The week before plaintiff's scheduled April vacation, plaintiff apparently developed sinusitis and called in sick on every day of his work week, April 18 through April 23. Plaintiff indicated that his absences were "FMLA leave," and defendant apparently accepted plaintiff's assessment at the time and did not request FMLA certification. During these absences, plaintiff exhausted all of his accrued PTO, and none remained to cover his planned vacation. On April 23, 2006, plaintiff's supervisor called plaintiff to advised him that he had no PTO available and was no longer authorized to take vacation the following week. Plaintiff nonetheless went on vacation and did not report for

work on April 26, 2006. Plaintiff did not seek unpaid leave status or otherwise request authorization to take his vacation.

On April 26, 2006, after plaintiff did not show for work, his supervisor attempted to contact him by telephone several times and left several voicemail and text messages. The next day, plaintiff's supervisor called him again. Plaintiff returned the call and informed his supervisor that he was out of town for his planned vacation. Plaintiff's manager also tried contacting plaintiff and left a voicemail for him, but plaintiff did not return the phone call.

On May 3, 2006, plaintiff returned to work. His manager informed plaintiff that his employment was terminated because he took vacation without available PTO to cover his absences.

On July 7, 2008, plaintiff filed suit, alleging violations of the FMLA, OFLA, and state law disability discrimination statutes.

## II. STANDARD

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The materiality of a fact is determined by the substantive law on the issue. T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). The authenticity of a dispute is determined by whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. Id. at 324.

The court must resolve all reasonable doubts as to the existence of genuine issues of material fact against the moving party and construe all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. T.W. Elec., 809 F.2d at 630. However, the Ninth Circuit has refused to find a genuine issue of fact where the only evidence presented is "uncorroborated and self-serving" testimony. Kennedy v. Applause, Inc., 90 F.3d 1477, 1481 (9th Cir. 1996).

### III. DISCUSSION

Defendant moves for summary judgment on all claims, claiming plaintiff has failed to raise any genuine issues of material fact. Defendant's motion is granted.

A. Family and Medical Leave Claims

Plaintiff claims defendant took adverse employment actions against him in violation of FMLA's protection against employer interference with employee leave rights and OFLA's protection against retaliation. Defendant contends that plaintiff's FMLA claims are barred by the two-year statute of limitations. I agree.

The statute of limitations for FMLA claims is two years, unless the defendant's conduct was willful. 29 U.S.C. § 2617(c)(1),(2). Plaintiff was terminated in May 2006 and did not filed suit until July 2008. Therefore, unless defendant willfully violated the FMLA, his claims are barred. To establish a willful violation of the FMLA, "a plaintiff must show that 'the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute.'" Hillstrom v. Best Western TLC Hotel, 354 F.3d 27, 33 (1st Cir. 2003) (quoting McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988)); Scharp v. Legacy Health System, 2007 WL 756716, *3 (D. Or. Mar. 8, 2007). I find no evidence of willful conduct. Defendant approved plaintiff's five-day absence due to his self-described "FMLA" illness in April 2006, even though plaintiff provided no FMLA certification for his illness and exhausted his PTO during that week. Plaintiff's position

4 - OPINION AND ORDER

and benefits did not change as a result of his absence, and defendant expected plaintiff to return to work. Plaintiff does not contend that his continued absence from April 26 to 30 while on vacation - the basis of his termination - was protected by the FMLA. To the extent that plaintiff's absences due to illness depleted his accrued PTO so that none was available for his vacation, a defendant may require that employees use paid leave while on FMLA leave, and defendant's handbook clearly advises employees of this policy. 29 C.F.R. § 825.207 (an "employer may require the employee to substitute accrued paid leave for unpaid FMLA leave"); Starr Decl., Ex. 9, p. 13. Therefore, I find no "willful" violation to warrant application of the three-year statute of limitations, and plaintiff's FMLA claims are time-barred.[1]

Defendant also argues that plaintiff cannot establish retaliation under OFLA, because it terminated him for taking vacation time without accrued leave rather than for his use of medical leave. Like the FMLA, OFLA provides up to twelve weeks of unpaid leave to qualified employees who miss work for reasons enumerated in the statute, including a serious medical condition. 29 U.S.C. § 2612(a); Or. Rev. Stat. § 659A.162(1). Under OFLA, employers may not deny family leave to an eligible employee or "retaliate or in any way discriminate" against employees for invoking their rights under OFLA. Or. Rev. Stat. § 659A.183. At the outset, it is highly questionable whether plaintiff's absence from April 19 through April 23 due to sinusitis constitute protected leave for a "serious health condition" such that he availed himself of a protected right under OFLA. Or. Rev. Stat. §§ 659A.150(6), 659A.159(1)(c); Pl's Ex. 1; see Price v. Multnomah Co., 132 F. Supp. 2d 1290, 1296 (D. Or. 2001). Regardless, the undisputed facts show that defendant did not terminate plaintiff

---

[1] Plaintiff also alleges a willful violation based on defendant's conduct of requiring plaintiff to resubmit certification forms for FMLA leave taken in October 2005. Plaintiff does not dispute that his leave was ultimately approved, and I find no violation of the FMLA or OFLA based on this conduct.

5 - OPINION AND ORDER

because he used sick leave; plaintiff was terminated because he took vacation time without adequate PTO, in violation of defendant's policies. The fact that plaintiff's use of alleged "FMLA" leave depleted his PTO does not alter the basis for defendant's decision.[2] Therefore, defendant's motion for summary judgment is granted as to plaintiff's FMLA and OFLA claims.

B. Disability Discrimination Claim

Plaintiff claims unlawful discrimination under Oregon statute. Or. Rev. Stat. § 659.112. To establish a prima facie case of disability discrimination, plaintiff must show that he: (1) is disabled within the meaning of the statute; (2) is a qualified individual, able to perform the essential functions of his job with or without reasonable accommodations; and (3) suffered adverse employment action based on his disability. Snead v. Metropolitan Prop. & Cas. Ins. Co., 237 F.3d 1080, 1087 (9th Cir. 2001) (standard for prima facie case of discrimination under Oregon law is identical to federal law).

A "disabled" person within the meaning of the statute is one who has, or is regarded as having, a "physical or mental impairment that substantially limits one or more major life activities." Or. Rev. Stat. § 659A.104(1)(a),(2). During his deposition, plaintiff testified that he used an inhaler sporadically, perhaps once or twice a month. Starr Decl., Ex. 1, p. 5-7. Plaintiff also testified that he drove, cared for his children, performed household chores, hiked, camped, golfed, and worked out at a gym. Id. Ex. 1, pp. 2-4, 30-32. Thus, plaintiff fails to present evidence that his asthma substantially limited a major life activity, or that defendant perceived him to be so limited. Finally, for the reasons explained above, plaintiff fails to set forth evidence that defendant discriminated against him based on his health conditions.

---

[2] Plaintiff's manager also noted at his deposition that plaintiff's conduct in avoiding telephone calls, not returning telephone messages, and not communicating with his supervisor or manager played a role in the decision to terminate plaintiff's employment. Starr Decl., Ex. 3, p. 2-44.

## CONCLUSION

For the reasons set forth above, defendant's motion for summary judgment (doc. 36) is GRANTED, plaintiff's motions for partial summary judgment (doc. 42, 47) are DENIED, and defendant's motion to strike (doc. 69) is DENIED as moot.

IT IS SO ORDERED.

Dated this 10th day of May, 2010.

_____
Ann Aiken
Chief United States District Judge

7 - OPINION AND ORDER